AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (505) 808-9111. | )<br>)<br>)  Case No.  **22mr560**<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A (incorporated by reference).

located in the _____ District of __New Mexico__ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) | Possession with intent to distribute controlled susbtances |

The application is based on these facts:
Please see the attached affidavit of DEA Special Agent Emmett Fritz, which is incorporated by reference and has been reviewed and approved by AUSA Shana B. Long.

☑ Continued on the attached sheet.
☑ Delayed notice of __60__ days *(give exact ending date if more than 30 days:* __06/06/2022__ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Emmett Fritz, DEA Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephonically sworn and electronically signed__ *(specify reliable electronic means)*.

Date: __April 7, 2022__

*Judge's signature*

City and state: __Albuquerque, New Mexico__   Honorable Laura N. Fashing, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (505) 808-9111. | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Emmett Fritz, Special Agent of the United States Drug Enforcement Administration ("DEA"), being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (505) 808-9111 (the "**Target Telephone**"), with an unknown subscriber at this time, whose service provider is Verizon, Inc. ("Verizon"), a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921. The **Target Telephone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B. Based on the investigation described below, there is probable cause to believe that the **Target Telephone** is being utilized by a drug-trafficker named Derrick SIMS ("SIMS") to further his drug-trafficking activities.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. §§ 3127(3) & (4), the

1

government has obtained a separate order that complies with the requirements of the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127.

3. I am a Special Agent with the DEA and have been since 2019. Prior to becoming a Special Agent, I was a police officer with the Albuquerque Police Department ("APD") for approximately 3 years, where I served in the Field Services Bureau. I graduated from the DEA Training Academy in Quantico, Virginia, after receiving approximately 16 weeks of specialized narcotics-related training. While at the DEA Training Academy, I became familiar with how controlled substances are consumed, manufactured, packaged, marketed, and distributed. I received training on surveillance and counter-surveillance operations, undercover operations, confidential source operations, criminal law, and investigations involving federal electronic surveillance statutes, to include Title III wiretaps, drug identification, search warrant executions, and vehicle stops.

4. My experience as a DEA Special Agent includes, but is not limited to, conducting surveillance, interviewing witnesses, writing affidavits for and executing search and seizure warrants (to include warrants, like this one, for the seizure of cell phone location data), debriefing defendants and confidential sources and working with undercover agents and informants. I have received training and have experience in the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. As a result, I am familiar with matters including, but not limited to, the means and methods used by drug traffickers and drug trafficking organizations to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogues used by drug traffickers. I have also spoken with other law enforcement officers with expertise and experience in these areas.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1), that being distribution of and possession with intent to distribute a controlled substance (specifically, fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide)), have been committed, are being committed, and/or will be committed by SIMS and others known and unknown. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to identification of individuals who are engaged in the commission of these offenses as well as the locations used by those individuals to engage in the commission of these offenses.

7.      The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8.      DEA Agents are conducting a drug trafficking investigation of Derrick SIMS. Recently DEA agents have spoken to a DEA source of information (SOI)[1] about SIMS. This SOI

---

[1] This DEA SOI's information has been corroborated through police databases and through physical surveillance. The DEA SOI has been proven to be trust worthy and reliable. The SOI's criminal history includes several drug trafficking charges, and drug possession charges. The SOI is cooperating with Agents for consideration on potential drug trafficking and firearm charges

identified SIMS by his known alias of "Buzz" or "Lil Buzz Dixon[2]." The SOI had "Buzz" saved on the SOI's cellular device as a contact with the **Target Telephone** as "Buzz's" telephone number. The SOI was shown a photo of SIMS and positively SIMS. The SOI stated that SIMS is currently utilizing the **Target Telephone** as his main contact number.

9. The SOI further stated that the **Target Telephone** is the most recent phone number for SIMS and that the SOI has contacted SIMS on the **Target Telephone** within the last three days.

10. The SOI stated that SIMS traffics large amounts of fentanyl pills and the SOI has purchased large amounts fentanyl pills from SIMS in the past. The SOI further stated that SIMS purchases these fentanyl pills from an unknown Phoenix, Arizona source of supply and transports the narcotics via a Grey Hound Bus. Agents subsequently learned this information to be true and that SIMS recently purchased a Greyhound bus round trip ticket scheduled departing from Albuquerque, New Mexico on March 10, 2022 to Phoenix Arizona and returning to Albuquerque on March 11, 2022. Agents further learned that SIMS purchased this ticket and utilized the **Target Telephone** as his contact phone number.

11. Agents have also analyzed the SOI's text conversations between the SOI and the **Target Telephone**. Within these text messages with the **Target Telephone**, based on agent training and experience, there were multiple conversations indicative of drug trafficking, specifically fentanyl drug trafficking. Agents observed several conversations between the SOI and the **Target Telephone** discussing future fentanyl pills sale, meet locations, and coded language associated with fentanyl transactions.

---

[2] Agents have identified the alias of "Lil Buzz Dixon" has SIMS alias. SIMS active and known Facebook account is under the name of "lil Buzz Dixon."

12.     Furthermore, agents plan to track the **Target Telephone** in order to be aware of SIMS movements to Phoenix, Arizona and back to Albuquerque, New Mexico. Furthermore, Agents ability to track the **Target Telephone** will assist Agents in identifying SIMS drug stash locations, conducting surveillance on SIMS to observe his drug sales and his various drug customers, and to locate his residences.

### Information About Verizon

13.     In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

14.     Based on my training and experience, I know that Verizon can collect E-911 Phase II data about the location of the **Target Telephone**, including by initiating a signal to determine

the location of the **Target Telephone** on Verizon's network or with such other reference points as may be reasonably available.

15. Based on my training and experience, I know that Verizon can collect cell-site data about the **Target Telephone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 60 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Telephone** would seriously jeopardize the ongoing investigation, which remains covert, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not

authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

[Left Blank Intentionally]

18. I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon. I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the **Target Telephone** network on Verizon's or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Telephone** outside of daytime hours.

20. AUSA Shana Long reviewed and approved this affidavit.

Respectfully Submitted,

_____
Emmett Fritz
Special Agent
U.S. Drug Enforcement Administration

Telephonically sworn and electronically
submitted on April 7th 2022:

_____
HONORABLE LAURA N. FASHING
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (505) 808-9111, with an unknown subscriber (the "**Target Telephone**"), whose wireless service provider is Verizon US, Inc. ("Verizon"), a company headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921.

2. Records and information associated with the **Target Telephone** that is within the possession, custody, or control of Verizon, including information about the location of the cellular telephone, even it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

All information about the location of the **Target Telephone** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Telephone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government. In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the **Target Telephone** on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § 841(a)(1), that being distribution of and possession with intent to distribute a controlled substance, to include fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), involving Derrick SIMS.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.